UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


RICARDO BLACKSHIRE,

       Petitioner,

v.                                 Case No. 2:09-cv-216
                                 HON. R. ALLAN EDGAR

JEFF WOODS,

       Respondent.

_____/


**REPORT AND RECOMMENDATION**

        Petitioner Ricardo Blackshire filed this petition for writ of habeas corpus challenging the validity of his state court convictions. Petitioner was convicted at a jury trial for conspiracy to commit armed robbery, MCL 750.157a, MCL 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced Petitioner as a habitual offender, second offense, MCL 769.10, to consecutive sentences of 18 to 35 years imprisonment for his conspiracy conviction and two years imprisonment for the felony-firearm conviction.

        The state prosecution arose from an arrest of Petitioner for conspiracy to commit armed robbery, felony firearm, and being a habitual offender, second offense, for his planning and conduct in furtherance of a plan to rob the Westshore Credit Union on May 14, 2002. The prosecution outlined the facts in an appellate brief to the Michigan Court of Appeals:

> On or about May 14, 2002, Defendant, together with two others, was walking to Westshore Credit Union to commit an armed robbery. Defendant had a shotgun stuffed down his pant leg as they were walking. When the three were about 75 yards from Westshore Credit

Union, Defendant attempted to take the shotgun out of his pant leg when it accidentally discharged, causing serious injury to his calf. One of Defendant's co-conspirators immediately extricated the shotgun from the now injured Defendant's pant leg and ran off into a wooded area where it was discarded. The conspirators were now foiled in their goal of robbing Westshore Credit Union.

Defendant's theory, on the other hand, was that he never possessed the shotgun. Instead, he claimed that his two co-conspirators had the shotgun and used it to rob him and it then was accidentally discharged during the robbery.

Immediately after the incident, however, Defendant's two co-conspirators ran to a nearby body shop and begged the employees of the body shop to call for an ambulance before they fled the scene. The People maintained that these accomplices would not have done this if they were the actual assailants.

After Defendant's incident with the shotgun, he received medical attention on the scene and at the hospital. As stated, the shotgun has never been located and, of course, this incident was foiled by Defendant's own idiocy 75 yards before they reached the object of their conspiracy, Westshore Credit Union.

After arguments, the trial court provided a non-standard jury instruction on conspiracy to commit armed robbery. The trial court attempted to combine two instructions, one on conspiracy and one on armed robbery, into a single instruction. (See Exhibit 2).

\* \* \*

[T]he offending language, together with the remaining portion of the instruction, reads as follows:

> Second, that at the time the assault was to have happened, the defendant was armed with a shotgun.

> Third, that at the time of the assault the defendant would have taken money or property that did not belong to him. It does not matter how much money would have been taken or how much the property was worth, as long as it was worth something.

> Fourth, that this money or property would have been taken from the person of Westshore Credit Union or

> in its presence. This must be shown by proof that the defendant would have used or threatened to use violence to take the money or property away.
>
> Fifth, that the money or property would have been moved. Any movement would have been enough, and it can have been moved by anyone.
>
> Sixth, that at the time the defendant would have taken the money or property, the defendant intended to take it away from Westshore Credit Union permanently.

Plaintiff-Appellant's Emergency Application For Leave to Appeal, docket #32, at 1-3.

During deliberations, the jury sent out a note that asked a question concerning an instruction.  The prosecutor reviewed the instruction with the trial court and then filed a motion for reconsideration to request that the jury instruction stating "second, that at the time of the assault was to have happened, the defendant was armed with a shotgun" should be changed to "second, at the time of the assault was to have happened, the defendant would have been armed with a shotgun." Plaintiff-Appellant's Emergency Application For Leave to Appeal, docket #32, at 3-4.   The prosecutor claimed that:

> Specifically, the non-standard instruction erroneously informed the jury that, "at the time the assault **was** to have happened, the defendant was armed with a shotgun."  This is glaringly inconsistent with the remaining portions of this non-standard instruction which provides, in lieu of the word "was," the phrase "would have". . . .  In addition to this inconsistency, the instruction is also misleading. It is this misleading aspect of the instruction that is especially injurious to the People in that it both fails to accurately reflect the evidence in the case and what the law actually requires. . . .   In other words, under this second element, the jury must first surmise when the robbery "was to have happened."  In doing so, it is forced to assume that the conspirators would have actually continued the additional 75 yards to the credit union to commit the robbery.

Plaintiff-Appellant's Emergency Application For Leave to Appeal, docket #32, at 2-3.

- 3 -

The trial court denied the prosecutor's motion.  On October 25, 2004, the prosecutor filed a Motion For Immediate Consideration and Plaintiff-Appellant's Emergency Application For Leave to Appeal with the Michigan Court of Appeals.  The Michigan Court of Appeals granted the prosecutor's motion and directed the trial court to amend the instruction.  Following receipt of this order, the jury entered with a unanimous verdict finding Petitioner guilty of conspiracy to commit armed robbery and felony firearm.  The trial court sentenced Petitioner as a habitual offender, second offense, MCL 769.10, to consecutive sentences of 18 to 35 years imprisonment for the conspiracy conviction and two years imprisonment for the felony-firearm conviction.

Following Petitioner's conviction and sentence, Petitioner filed a Motion For a New Trial and For Resentencing in the trial court, which was denied.  Petitioner thereafter filed a Motion For a New Trial and For Resentencing with the Michigan Court of Appeals.  In an order dated January 15, 2009, the Michigan Court of Appeals denied the motion for lack of merit in the grounds presented.  Petitioner filed an application for leave to appeal to the Michigan Supreme Court.  By order entered February 4, 2010, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded that the questions presented should be reviewed. Petitioner then filed this habeas corpus petition claiming that his conviction was obtained in violated of his federal rights.  In his *pro se* petition, Petitioner argues:

I. The trial court did not err in denying the prosecutor's motion to change jury instructions where the prosecutor did not timely object, instructions had been given to the jury and final arguments had been given by the parties.

II. There was insufficient evidence to prove beyond a reasonable doubt that defendant conspired to commit an armed robbery contrary to MCL 750.157(a), MCL 750.529, and felony firearm contrary to MCL 750.227b.

- 4 -

Respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite

to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case". *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner's first claim is procedurally barred from federal habeas review.  Petitioner maintains that the trial court did not err in denying the prosecutor's motion to change jury instructions where the prosecutor did not timely object, instructions had been given to the jury, and final arguments had been given by the parties.  The Michigan Court of Appeals rejected this claim explaining:

> Defendant first argues that the trial court properly denied the prosecution's motion to amend the jury instructions and that, on interlocutory appeal, this Court clearly erred when it ordered the trial court to instruct the jury "in the manner advocated by the prosecutor." Although defendant does not address whether this Court's prior consideration of this issue constitutes the law of the case, his argument clearly implicates that doctrine.

> "When this Court disposes of an appeal by opinion or order, the opinion or order is the judgment of the Court." *Kasben v Hoffman*, 278 Mich App 466, 470, 751 NW2d 520 (2008).  And, "an appellate court's determination of law will not be differently decided on a subsequent appeal in the same case if the facts remain materially the same." *People v Kozyra*, 219 Mich App 422, 433, 556 NW2d 512 (1996).

> This Court previously determined that the trial court improperly denied the prosecution's request for an amended instruction and ordered the trial court to instruct the jury as requested by the prosecution. Although defendant argues that this Court erred in its previous decision, the law of the case doctrine applies "without regard to the correctness of the prior determination. . . ." *Grace v Grace*, 253 Mich App 357, 363, 655 NW2d 595 (2002).  If defendant believed that this Court's prior decision was in error, his remedy was to move for reconsideration or to appeal to our Supreme Court. See MCR 7.215(I); *People v Mitchell*, 231 Mich App 335, 340, 586 NW2d 119 (1998) (noting that the law of the case doctrine "bars reconsideration of an issue by an equal or subordinate court during subsequent proceedings in the same case.").

Michigan Court of Appeals' Opinion, docket #34, at 1-2.

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review.  *See Ylst*

*v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

The law of the case doctrine precludes reconsideration of issues decided at an earlier stage of the case. *United States v. Moored*, 38 F.3d 1419, 1421-22 (6th Cir.1994). Petitioner argues that the law of the case doctrine does not apply in this case because "this claim did not become ripe until after the Jury returned its verdict." Petitioner's Reply to Respondent's Answer in Opposition, docket #37, at 1. It is apparent that Petitioner raises substantially the same issue; that the trial court correctly refused to provide the jury instruction requested by the prosecutor after the jury began its

deliberations.  At trial, the prosecutor requested to amend the jury instruction.  Following the trial court's denial of the request, the prosecutor filed an emergency application for leave to appeal to the Michigan Court of Appeals.  The Michigan Court of Appeals granted the application, directing the trial court to give the requested instruction.  Petitioner raises the same issue that was already decided on appeal and is, therefore, governed by the law of the case.  Further, MCR7.215(I), which governs the timeliness of motions for reconsideration, is an adequate and independent state ground sufficient to invoke procedural default.  Consequently Petitioner procedurally defaulted this issue.  Because of the procedural default, Petitioner may maintain his habeas claim only if he can first demonstrate either that "cause" and "actual prejudice" existed to excuse his failure to raise the issue on direct appeal, or that "the constitutional error asserted 'has probably resulted in the conviction of one who is actually innocent.'" *Luster v. United States*, 168 F.3d 913, 914 (6th Cir. 1999) (citing *Bousley v. United States*, 523 U.S. 614, 1611 (1998))..

　　　　　To show cause sufficient to excuse a failure to raise claims on direct appeal, Petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in his first appeal.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).  Petitioner has not attempted to explain his failure to raise the issue in his *pro per* application in his direct appeal to the Michigan Supreme Court or to explain his failure to file a timely application for leave to appeal the decision on his motion for relief from judgment to the Michigan Supreme Court.  Where a petitioner fails to show cause, the court need not consider whether he has established prejudice.  *See Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985).  In his first ground for relief, Petitioner claims that he is actually innocent.  Respondent correctly argues that Petitioner cannot raise a claim of actual innocence as an independent substantive habeas claim.  Petitioner also has not demonstrated that manifest injustice would result because he has not made a colorable claim

of innocence; he has not shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995)  This requires a showing that in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.  Here, Petitioner fails to identify any new evidence not presented at trial.  Accordingly, because Petitioner's claim is procedurally barred, his application for habeas review should be denied

Moreover, even if this claim was not procedurally barred, it is not cognizable on federal habeas review and is without merit.  Petitioner claims that the changing of the jury instruction after closing arguments and during the jury's deliberations deprived him of his fundamental right to a fair trial.  The United States Supreme Court has held that there is no cognizable federal habeas action unless a jury instruction influenced the entire trial and the resulting conviction therefore violated due process.  In order to show a constitutional violation, Petitioner must demonstrate that the instruction violated due process.  *Henderson v. Kibbe*, 431 U.S. 145, 153 (1977).

> The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal.  The question in such a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," . . . not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned'" . . . .

431 U.S. at 154.  In the present case, Petitioner claims that "once closing arguments had been completed and the jury retired for its deliberations, the change in the instruction relieved the prosecution of their burden of proving every element of the crimes and nullified the defense arguments and theory of the case."  Petitioner's Reply to Respondent's Answer in Opposition, docket #37, at 2.  Petitioner is entitled to a jury instruction as to any recognized defense for which there

exists evidence sufficient for a reasonable juror to find in his or her favor. *Mathews v. United States*, 485 U.S. 58, 63 (1988). The language of the instruction was changed from "was to" to "would have." However the jury was still free to believe Petitioner's theory. The Michigan Court of Appeals also noted that "[w]e will not interfere with the jury's role of determining the credibility of witnesses or the weight of the evidence. *People v. Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005)." Michigan Court of Appeals' Opinion, docket #34, at 2. Petitioner has failed to identify any error in jury instruction, and therefore has failed to meet the burden of showing prejudice. The evidence presented at trial, taken in the light most favorable to the prosecution, was sufficient to justify the instructions given by the court.

In his second claim, Petitioner alleges that there was insufficient evidence to prove beyond a reasonable doubt that Petitioner conspired to commit an armed robbery, contrary to MCL 750.157(a), MCL 750.529, and felony firearm, contrary to MCL 750.227b. The Michigan Court of Appeals rejected the claim explaining:

> Next, defendant contends that there was insufficient evidence to sustain his convictions. However, defendant's argument is devoid of legal or factual analysis; defendant merely recites the standards applicable to an appellate review of the sufficiency of the evidence and quotes extensively from the trial transcripts. Hence, we conclude that defendant has abandoned this claim of error. See *People v Martin*, 271 Mich App 280, 315, 721 NW2d 815 (2006).

> Nevertheless, even if we were to conclude that defendant had not abandoned this argument on appeal, it is without merit. Defendant's cursory arguments focus on the credibility of the prosecution's witnesses and the alleged lack of evidence regarding the conspiracy charge. We will not interfere with the jury's role of determining the credibility of witnesses or the weight of the evidence. *People v Williams*, 268 Mich App 416, 419, 707 NW2d 624 (2005). While defendant's coconspirators made inconsistent statements to the police during the early stages of the investigation, "a jury is free to believe or disbelieve, in whole or in part, any of the evidence presented." *People v Perry*, 460 Mich 55, 63, 594 NW2d 477 (1999). Viewed in

the light most favorable to the prosecution, the evidence in this case was sufficient for the jury to find that all the elements of conspiracy to commit armed robbery and felony-firearm were proved beyond a reasonable doubt. *People v McGhee*, 268 Mich App  600, 622, 709 NW2d 595 (2005).

Michigan Court of Appeals' Opinion, docket #34, at 2.

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify any rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id*.  It is clear that the evidence was sufficient to establish that Petitioner committed the crime.  The Michigan Court of Appeals decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.  Petitioner has failed to establish that there was insufficient evidence presented at trial to support his conviction. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  July 25, 2011